UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11724-GAO

CORNING INCORPORATED and
ARTIFICIAL SENSING INSTRUMENTS ASI AG,
Plaintiffs,

v.

SRU BIOSYSTEMS, LLC,
SRU BIOSYSTEMS, INC., and
SRU BIOSYSTEMS HOLDINGS, LLC,
Defendants.

**ORDER**
September 14, 2004

O'TOOLE, D.J.

I have reviewed Judge Farnan's memoranda concerning discovery issues and I both defer to and (if deference should be thought inappropriate for some reason) concur with his conclusion that documents pertaining to the offer to purchase made by Becton Dickinson are relevant enough for discovery under Rule 26 of the Federal Rules of Civil Procedure.

There is a difference, however, between ordering a party to a pending case to produce relevant documents from its own files and ordering a non-party to do so. I have no hesitation in concluding that the written offer itself and documents more or less directly pertaining to it should be produced by Becton Dickinson. This parallels Judge Farnan's ruling. Whether the Wang analysis and supporting materials ought to be produced is another matter, however, because in addition to being relevant, materials subject to discovery should be, if not directly admissible in evidence themselves, at least "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). A sales projection or analysis and related documents done by a party would

likely be admissible under Fed. R. Evid. 801(d)(2). But statements by a non-party would face several potential obstacles to admission under the rules of evidence, including objections based on hearsay and lack of personal knowledge.

So it seems unlikely that Becton Dickinson documents would be admissible themselves in a case to which Becton Dickinson was not a party. But would they be likely to lead to the discovery of other evidence that would be admissible? It is sufficient for present purposes to say that the record does not permit a conclusion that they would, and without such a conclusion, their production should not be compelled.

Corning's motion is granted only as to Becton Dickinson's written offer to purchase SRU Biosystems and documents that directly relate to the extension of the offer. The motion is denied as to documents, including the Wang analysis, that reflect internal Becton Dickinson evaluation of the potential acquisition.

It is SO ORDERED.

_September 14, 2004_
DATE

_/s/ George A. O'Toole_
DISTRICT JUDGE